UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JINHUI KIM, <br><br> Plaintiff, <br><br> v. <br><br> WALMART, INC. et al., <br><br> Defendants. | Case No. 2:22-cv-08380-SB-PVC <br><br><br> ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

Plaintiff Jinhui Kim brought this case in state court alleging that Defendant Walmart, Inc. sells children's toys that contain dangerously high levels of chemicals called phthalates in violation of California's consumer protection statutes. Defendant removed on the basis of diversity jurisdiction. Dkt. No. 1. After Defendant moved to dismiss, Dkt. No. 12, Plaintiff filed her First Amended Complaint (FAC), Dkt. No. 16. Currently before the Court is Plaintiff's motion to remand, which is based on Defendant's purported failure to demonstrate that the Court has jurisdiction over Plaintiff's equitable claims. Dkt. No. 18. Since Plaintiff's motion conflates distinct legal issues and fails to present valid grounds for remand, the motion is denied.

I.

Plaintiff filed this case in state court on October 6, 2022. Dkt. No. 1 ¶ 1. Plaintiff served Defendant on October 17, and Defendant removed on November 16. *Id.* ¶¶ 2, 4. Defendant moved to dismiss the initial complaint on December 8. Dkt. No. 12. Defendant's motion was mooted when Plaintiff filed the FAC on December 15. Dkt. No. 16.

The FAC presents four state law claims: (1) violation of California's Consumers Legal Remedies Act (CLRA) (Cal. Civ. Code §§ 1750–1784), (2) violation of California's Unfair Competition Law (UCL) (Cal. Bus. & Prof. Code § 17200), (3) breach of express warranty, and (4) unjust enrichment. Dkt. No. 16.

1

Plaintiff seeks (1) damages (including under the CLRA, *id*. ¶ 58), (2) restitution under the CLRA (*id*. ¶ 57), the UCL (*id*. ¶ 72), and the theory of unjust enrichment (*id*. ¶ 83), and (3) injunctive relief under the CLRA (*id*. ¶ 57) and UCL (*id*. ¶ 72). In the FAC's prayer for relief, Plaintiff requests damages, restitution, and injunctive relief. *Id*. at 22.

The next day, Plaintiff filed this motion.[1] Plaintiff does not contest that the parties are completely diverse or that the amount in controversy exceeds the jurisdictional amount. Instead, Plaintiff contends that removal was "defective" because Defendant has not shown that there is equitable jurisdiction over the claims seeking equitable relief. Dkt. No. 18. Defendant opposes remand. Dkt. No. 21.

## II.

### A.

A defendant may remove a civil action from state to federal court when jurisdiction would originally lie in federal court. 28 U.S.C. § 1441(a). If removal is based on diversity jurisdiction, the removing defendant must show complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id*. § 1332. The removing party bears the burden of proof. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "near-canonical rule that the burden on removal rests with the removing defendant"). There is a "strong presumption" against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In the Notice of Removal, Defendant alleges that there is complete diversity of citizenship because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Arkansas. Dkt. No. 1 ¶¶ 6, 8, 10. Defendant further alleges that the amount in controversy requirement is met because Plaintiff sought damages exceeding $75,000 in her initial complaint, comprised of compensatory damages, punitive damages, statutory penalties, and statutorily authorized attorneys' fees.

---

[1] The Court decides the motion on its merits and declines to address the procedural challenges raised by the defense (i.e., waiver and the failure to properly meet and confer).

*Id*. ¶¶ 11–25.  Defendant has adequately alleged diversity jurisdiction and complied with the procedural requirements for removal.

B.

Plaintiff does not challenge Defendant's allegations supporting the Court's diversity jurisdiction over this case, or its compliance with removal requirements. Rather, Plaintiff argues that Defendant has not demonstrated that the Court has "equitable jurisdiction"—i.e., jurisdiction under its equitable authority to award relief for her equitable claims.  This argument is based on a misunderstanding of the distinction between subject matter jurisdiction and federal authority to award equitable relief.

Unlike challenges to a court's subject matter jurisdiction, which are about whether a claim "falls within the limited jurisdiction conferred on the federal courts by Congress," challenges to equitable jurisdiction attack a court's ability to award the remedy a plaintiff seeks.  *Guzman v. Polaris Indus., Inc.*, 49 F. 4th 1308, 1314 (9th Cir. 2022).  In other words, whereas subject matter jurisdiction is about a court's power to hear a case, equitable jurisdiction is about the propriety of awarding a particular type of remedy.  "Federal courts must apply equitable principles derived from federal common law to claims for equitable restitution under California's [CLRA] and [UCL]." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 837 (9th Cir. 2020).  These principles include the traditional bar on "awarding equitable relief when an adequate legal remedy exists."  *Id*. at 842.

Remand is inappropriate because diversity jurisdiction exists, and the Court's authority to hear this case does not depend on its equitable powers.  *See Lopez v. Cequel Commc'ns, LLC*, No. 20-cv-2242-TLN, 2021 WL 4476831, at *2 (E.D. Cal. Sept. 30, 2021) (denying remand, including a limited remand of equitable UCL and CLRA claims, where plaintiff argued that he did not plead an inadequate remedy at law as required, because a district court nonetheless had subject matter jurisdiction over the equitable claims); *Naseri v. Greenfield World Trade, Inc.*, No. SACV 21-01084-CJC, 2021 WL 3511040, at *1 (C.D. Cal. Aug. 10, 2021) (denying remand despite plaintiff's argument that defendant failed to show equitable jurisdiction over UCL and CLRA claims because a court's jurisdiction differs from its remedial power).  In filing this motion, Plaintiff ignores this law.

Plaintiff also fails to consider the full scope of the claims asserted and remedies sought in her complaint.  She has sued not just for equitable relief—for

which equitable authority is required to award a remedy—but also money damages, which is the archetypal form of legal relief. Plaintiff's failure to consider the scope of relief sought in her pleading is clear from her reliance on a single case in which a court granted a remand motion for lack of equitable jurisdiction. *See Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, (N.D. Cal. 2021). Even assuming *arguendo* that *Guthrie* was correctly decided, that case involved only equitable UCL claims for past harm. By contrast, this case involves both legal and equitable claims. Lack of equitable jurisdiction over some claims cannot serve as a basis for remanding a case in its entirety. *See Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001) (noting that Supreme Court precedent "makes clear that a district court may not under § 1447(c) remand a case in its entirety where there is subject matter jurisdiction over some portion of it"). Otherwise, federal courts would be required to remand every case that includes a UCL claim when a plaintiff has an adequate legal remedy, which is clearly not the law. *Id.*; *see, e.g.*, *Travonne Hooks v. Dignity Health*, No. CV 22-7699-DSF, 2022 WL 17968833, at *2–3 (C.D. Cal. Dec. 27, 2022) (dismissing UCL claim for lack of equitable jurisdiction, but denying remand and retaining jurisdiction over the case); *Slick v. CableCom, LLC*, No. 22-cv-3415-JSC, 2022 WL 4181003, at *3–4 (N.D. Cal. Sept. 12, 2022) (dismissing UCL claim on a motion to dismiss for lack of equitable jurisdiction but retaining jurisdiction over the case).

Plaintiff's fallback argument is that the Court should remand the three claims seeking equitable relief (i.e., the UCL, CLRA, and unjust enrichment claims), but retain the breach of warranty claim. Plaintiff cites no authority that permits the Court to enter a partial remand in this case. The remand statute invoked by Plaintiff authorizes remand of a "case," not individual claims. 28 U.S.C. § 1447(c).² As another court in this district has noted, "[n]either the Ninth Circuit nor the Supreme Court has permitted a partial remand in the face of original [(i.e. subject matter)] jurisdiction." *Cabral v. Supple, LLC*, No. EDCV-12-00085-MWF, 2016 WL 1180143, at *3 (C.D. Cal. Mar. 24, 2016). In dicta, the Ninth Circuit noted that a partial remand might be appropriate in cases in which "a

---

² Another statutory provision authorizes severance and remand of certain claims over which the court lacks subject matter jurisdiction *if the case was removed on the basis of federal question jurisdiction*. 28 U.S.C. § 1441(c). This provision does not apply since this case was removed based on diversity jurisdiction (thereby establishing subject matter jurisdiction over all of Plaintiff's claims). *See* 14 Fed. Proc. Forms § 58:142 (noting that partial remand is authorized under § 1441(c) only in federal question cases).

plaintiff might forfeit an otherwise viable state-law claim . . . ." *Lee*, 260 F.3d at 1006–07 ("declin[ing] to address the partial remand" issue). But even if this were a proper basis for partial remand, Plaintiff has not demonstrated that her equitable claims are time-barred or otherwise unavailable in state court.[3]

### III.

For the foregoing reasons, the remand motion, including the request for fees and costs, is DENIED.

IT IS SO ORDERED.

Date: January 13, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[3] Nor have the parties even adequately addressed whether the Court in fact lacks equitable jurisdiction over these claims.