1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| JINHUI KIM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>Defendant. | Case No. 2:22-cv-08380-SB-PVCx<br><br>**DISCOVERY MATTER**<br><br>**PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS**<br><br>***NOTE CHANGES IN BOLD MADE BY THE COURT (¶ 19)*** |

11
12
13
14
15
16
17
18
19
20

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is limited only to material so entitled, Defendant Walmart Inc. ("Walmart") and Plaintiff Jinhui Kim ("Plaintiff") (Defendant and Plaintiff are collectively, the "parties"), by and through their respective counsel, and pursuant to Rule 26(c) and the Federal Rules of Civil Procedure, hereby stipulate and agree to the following Stipulated Protective Order:

The parties have agreed to and have submitted to the Court, and for good cause

21
22
23
24
25
26
27
28

shown the Court hereby enters, the following Protective Order Governing The Designation And Handling Of Confidential Materials (the "Order" or "Protective Order"):

1.    This Order shall govern the disclosure of materials designated as Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential or Highly Confidential – Attorneys' Eyes Only, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material. Nothing in this Order shall require any party to produce any specific documents or category of documents which a party deems inappropriate for production. This Order shall govern, for pretrial purposes only, the use of Confidential Information produced during discovery in this Action. The Court shall determine how Confidential Information is to be treated at trial. For purposes of this Order, the Designating Party bears the burden of establishing the confidentiality of all such information, documents, materials, or items.

**Definitions of Confidential Material**

2.    Confidential Material, as used in this Order, consists of the following materials and categories of materials:

    a.  Materials relating to any privileged, confidential, or nonpublic information, related to trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure (Fed. R. Civ.) and any applicable case law interpreting Fed. R. Civ. 26(c)(1)(G); contracts; non-public compilations of retail prices; proprietary information; vendor agreements; personnel files; claim/litigation information; and nonpublic policies and procedures shall be deemed Confidential.

b.  Confidential Information shall not include information that has been publicly disclosed by any Party prior to the date hereof, or that has been or is as of the date hereto generally available to the public, or that becomes generally available to the public after the date hereof other than as a result of disclosure by the Receiving Party.

c.  Materials containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data shall be deemed Highly Confidential – Attorneys' Eyes Only. Any designation of Highly Confidential – Attorneys' Eyes Only designation will require a separate and <u>detailed</u> showing of need.

d.  Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes Only material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

3.  The parties agree that such Confidential Material as described in paragraph 2 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or

PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS

defense of this litigation.

**Procedure for Designating Information as Confidential**

4.    To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Parties shall submit confidential discovery responses, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend designating those responses as Confidential Material. The Receiving Party may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

a.  Information on a disk or other electronic format (e.g., a native format production) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

b.  Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to

PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS

a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony.   During such 15-business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to the designated pages and segregate them as appropriate.

c. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

5.   A producing party may change the confidentiality designation of materials it has produced, as follows: (1) The producing party must give the receiving parties notice of the change by identifying the documents and information at issue. Once notice is given, the receiving party must make good-faith efforts to ensure that the documents or information are accorded treatment under the new designation.  (2) Within a reasonable period after giving notice, the producing party must reproduce the documents or information in a format that contains the new designation.  (3)  If such information has been disclosed to persons not qualified pursuant to paragraph(s) (12-13) below, the party who disclosed such information shall (a) take reasonable efforts to retrieve previously disclosed Confidential Material; (b) advise such persons that the material is Confidential; and (c) give the producing party written assurance that steps (a) and (b) have been completed.

**Data Security**

6.   The Parties agree to provide adequate security to protect data produced by the other party(ies) or by non-parties. This includes secure data storage systems,

established security policies, and security training for employees, contractors and experts. Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises. At a minimum, any receiving party subject to the terms of this Confidentiality Order, will provide reasonable measures to protect non-client data consistent with the American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

**Clawback Provisions**

7.      When a producing party gives notice to receiving party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The Parties agree that the issue of whether the inadvertent disclosure of privileged material shall constitute a waiver shall be governed by Federal Rule of Evidence 502.

8.      This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

9.      Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10.     If the receiving party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the

PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS

information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

11.    A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request").    After a clawback request is received, the receiving party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose.   The parties shall meet and confer regarding any clawback request.

**Who May Receive Confidential and Highly Confidential Information**

12.    *Confidential Material.*  Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, in-house counsel and outside counsel of record for each party, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action.

13.    *Highly Confidential—Attorneys' Eyes Only Material.* Material and information designated as "Highly Confidential—Attorneys' Eyes Only" shall only be disclosed to the Court, its staff, in-house and outside counsel of record for each party, the secretarial, clerical, and paralegal staff of each, and consulting and testifying experts retained by a party in this action.

14.    *Persons Receiving Confidential Information Must Sign Exhibit A.* Counsel for each party shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order and shall provide all

such persons (other than the Court and its staff) with a copy of this Order. Counsel shall also require such persons to execute the Affidavit attached as ***Exhibit A,*** prior to the disclosure of Confidential Material.

15.     *Duties in the Event of Unauthorized Disclosures.*   It shall be the obligation of counsel, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Confidential Information, or any other breach or threatened breach of the provisions of this Order, to promptly notify counsel for the Producing Party.  The notification shall be supplemented with reasonable details of the circumstances of the disclosure in order to permit the producing party to understand and take appropriate steps.  Each party and its counsel agree to take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and to make reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information.

### Authorized Uses of Confidential Material

16.     Confidential Material shall only be used for the purpose of litigating the above-captioned lawsuit and may not be used in other lawsuits.

17.     Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the designating party. Such notification will include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena

PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS

or order is subject to this Protective Order.  Such notification will include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected Material may be affected.

If the designating party timely seeks a protective order, the party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission.  The designating party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this Action to disobey a lawful directive from another court

18.   If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court and may be liable to pay for the damages caused by his/her violation.

**Challenges to the Designation of Confidential Material**

19.   Any party or interested member of the public may move the Court to modify the designation of any documents or information produced in this litigation (either to include additional protection with respect to confidentiality or to remove a confidential designation).  Before making such a motion, the party or an interested member of the public shall first attempt to resolve such dispute with the producing party's counsel.  **If the conference of counsel does not resolve the dispute, the challenging party shall request an informal discovery conference with the Magistrate Judge pursuant to Judge Castillo's procedures set forth under the "Judges' Requirements" tab on the Court's website (http://www.cacd. uscourts.gov/judges-schedules-procedures).  Any written motion following an informal discovery conference must comply with the joint stipulation**

PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS

1   **requirements of Local Rule 37-2.**  Pending resolution of any challenges to the
2   designation of documents or information, the material at issue shall continue to be
3   treated as Confidential Material until ordered otherwise by the Court. The burden of
4   persuasion in any such challenge proceeding will be on the designating party.

5           **Withholding of Information**

6           20.    *Redactions*.  The parties agree that narrowly tailored redactions are
7   appropriate for information that is privileged or protected from discovery as work
8   product or by reason of any other applicable privilege or immunity. Such privilege
9   redactions will state, over the redacted portion, "Redacted–Privileged".  Redactions
10  of emails will not redact the names of recipients or the subject line of the emails,
11  unless the subject line is itself privileged, in which case only so much of the subject
12  line will be redacted as may be needed.  The parties will produce redacted documents
13  in TIFF format (or searchable PDF if production format dictates; or in native format
14  for file types that do not convert well to TIFF/PDF, such as Excel files) with
15  corresponding searchable OCR text and the associated metadata for the document,
16  ensuring the redacted content is fully protected from disclosure.

17          **Confidential Material In Filings, Hearings, and Trial**

18          21.    *Confidential Material in Filings.*  A Party that seeks to file under seal
19  any Protected Material must comply with Civil Local Rule 79-5.

20          22.    *Confidential Material in Hearings and Trial.*  The provisions of this
21  Order shall not affect, and this Order does not limit, the *admissibility* of Confidential
22  Material (or references to that material) as evidence at trial, or during a hearing or
23  similar proceeding in this action.  Prior to using Confidential Material or the
24  information contained therein at any hearing that is open to the public, the party
25  seeking to use the Confidential Material must give at least seven (7) days advance
26  notice to the producing party of the intent to use the Confidential Material so that the
27  producing party may seek an appropriate Court Order to protect the Confidential
28

PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS

Material.

**<u>Continuing Effect of this Order and Duty to Destroy</u>**

23.     Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial. After the final disposition of this Action, as defined above in this paragraph, within 60 days of a written request by the designating party, each receiving party must return all protected material to the producing party or destroy such material.  As used in this subdivision, "all protected material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the protected material.  Whether the protected material is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the protected material that was returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the protected material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain protected material.  Any such archival copies that contain or

1   constitute protected material remain subject to this Protective Order.

2   **Application of this Order to Productions by Third Parties**

3   24.   This Order may be used by third parties producing documents in

4   connection with this action.  Third parties may designate information as Confidential

5   or Highly Confidential – Attorneys' Eyes Only.

6   25.   If a third party produces (or intends to produce) documents and does not

7   designate (or does not intend to designate) those documents as Confidential Material,

8   then any party to this action may seek to designate that third party's documents or

9   categories of documents as Confidential Material.  In that case, it will be the burden

10   of the party seeking protected status to move for a court order designating the

11   materials as Confidential Material after the parties confer.

12   26.   In the event additional parties join or intervene in this litigation, the

13   newly joined party(ies) shall not have access to Confidential Material until its/their

14   counsel has executed and, at the request of any party, filed with the Court the

15   agreement of such party(ies) and such counsel to be fully bound by this Order.

16   27.   The parties agree that nothing in this Order shall be deemed to limit the

17   extent to which counsel for the parties may advise or represent their respective clients,

18   conduct discovery, prepare for trial, present proof at trial, including any document

19   designated Confidential Material as set forth herein, or oppose the production or

20   admissibility of any information or documents which have been requested.

21   28.   This Order shall remain in full force and effect until such time as it is

22   modified, amended, or rescinded by the Court.

23   **IT IS SO ORDERED.**

24

25   Dated: April 19, 2023

26

27   HONORABLE PEDRO V. CASTILLO
    UNITED STATES MAGISTRATE JUDGE

28

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JINHUI KIM, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>WALMART INC.,<br><br>            Defendant. | Case No. 2:22-cv-08380-SB-PVC<br><br>**DISCOVERY MATTER**<br><br>**PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS**<br><br>District Judge:    Stanley Blumenfeld Jr.<br>Courtroom:      6C<br>Complaint Filed: October 6, 2020<br>FAC Filed:       December 15. 2022<br>SAC Filed:       March 30, 2023<br>Trial Date:       March 25, 2024 |

**NON-DISCLOSURE AGREEMENT**

I, the undersigned, hereby declare that I have read the Stipulated Order Governing the Designation and Handling of Confidential Materials entered in the above-captioned Action. I understand the terms of, will comply with, and agree to be bound by all of the provisions of the Stipulated Order Governing the Designation and Handling of Confidential Materials. I further agree that I will not use any information received pursuant to the Stipulated Order Governing the Designation and Handling of Confidential Materials to directly compete in any manner with Walmart, Inc. or disclose Confidential Materials to any current or former consultants, advisors, agents of, a direct competitor of Walmart, Inc.

DATED: _____

                                   _____
                                   Signature

                                   _____
                                   Print Name